## SHARPE v. COLLINS, administrator.

ATKINSON, J. An administrator of the estate of a father brought an action against a daughter of the intestate, for an accounting and for cancellation of a deed executed by the father to the daughter. The deed was absolute in form, and the grantor remained in possession after it was executed. The grounds of relief were: (a) mental weakness of the grantor at the time the deed was procured by the defendant, and (b) that the deed was executed only as security for a debt which had been paid. At the trial there was evidence tending to show that the land was worth $1000; and that the only consideration was $78.50, being the same as expressed in the deed, and that such sum was only a loan for which the deed was executed as security; that at the time the deed was executed the grantor was more than ninety years of age and in a state of great mental weakness. The defendant testified as a witness in her own behalf, and her testimony showed her to be a woman of vigorous mentality. The evidence also tended to show that several years after the deed was executed, and while the grantor was in a state of mental weakness amounting to imbecility, the defendant moved him off the property, and thereafter assumed ownership of the land and received rents and profits therefrom, the net amount of which was more than sufficient to discharge the alleged debt. *Held:*

1. The pleadings and evidence authorized the charge: " But if there appears great inadequacy of consideration in a deed absolute, and such inadequacy of consideration be joined with great disparity of mental ability in the maker of the deed and the grantee thereof, then such deed may be set aside."
2. The charge, " If the maker of the deed absolute on its face retains

possession of the land described in the deed, it may be shown by parol evidence to be a security deed," correctly stated an abstract principle of law applicable to the case.

3. Even if the ground of the motion for a new trial based on alleged newly discovered evidence, when considered in connection with the counter-showing, sufficiently showed proper diligence to discover the evidence before the trial, the evidence was cumulative, and not of such character as would likely produce a different result on another trial.

4. The evidence was sufficient to support the verdict for the plaintiff, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*
No. 3037. JANUARY 17, 1923.

Equitable petition. Before Judge Graham. Montgomery superior court. November 28, 1921.

*Giles & Sharpe,* for plaintiff in error.